UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-cv-123

LISA M. ALKINS-NULTY,

    Plaintiff,

v.

DANAHER CORPORATION, KAVO KERR, DENTAL IMAGING TECHNOLOGIES CORPORATION, and DOES 1 through 10, Inclusive,

    Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

Defendants DANAHER CORPORATION and DENTAL IMAGING TECHNOLOGIES CORPORATION d/b/a KAVO KERR[1], by their attorneys and pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, hereby remove the above-titled action, which is pending as Case No. 20-CVS-469 in the General Court of Justice, Superior Court Division, County of Mecklenburg, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte

---

[1] As set forth below, "Kavo Kerr" is not a legal entity but is a business name under which Defendant Dental Imaging Technologies Corporation has conducted business. Out of an abundance of caution, Defendants file this Notice of Removal on behalf of all named defendants but note that "Kavo Kerr" is identical to Dental Imaging Technologies Corporation.

Division. In support of its Notice of Removal, Defendants state as follows:

**Nature of the Action**

1. On January 6, 2020, Plaintiff Lisa M. Alkins-Nulty filed an action in the General Court of Justice, Superior Court Division, County of Mecklenburg, North Carolina titled *Lisa M. Alkins-Nulty v. Danaher Corporation, Kavo Kerr, Dental Imaging Technologies Corporation, and Does 1 through 10, Inclusive*, Case No. 20-CVS-469. Plaintiff's Complaint contains four claims: (1) sex discrimination; (2) retaliation; (3) intentional inflection of emotional distress; and (4) wrongful discharge.

2. Plaintiff served Defendant Danaher Corporation with the Summons and a copy of the Complaint on January 28, 2020 via certified mail to its corporate headquarters. Plaintiff served Defendant Dental Imaging Technologies Corporation with the Summons and a copy of the Complaint on January 30, 2020 via certified mail through its registered agent, CT Corporation.[2] Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other pleadings and orders served on Defendants are attached hereto as Exhibit A.

---

[2] Plaintiff also attempted to serve "Kavo Kerr" on January 28, 2020 by sending the Summons and a copy of the Complaint to Kavo Kerr's President via certified mail. As noted above, Kavo Kerr is not a separate legal entity.

- 2 -

## Basis for Removal

3. This action is removable under 28 U.S.C. § 1331, because (a) it is a civil action over which this Court has original jurisdiction given that Plaintiff has brought claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") for sex discrimination and retaliation (Compl. ¶¶ 29-44); and (b) this Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they form the same case or controversy as Plaintiff's Title VII claims.

### A. Original Jurisdiction

4. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. *See Jackson v. Home Depot USA, Inc.*, 880 F.3d 165, 167 (4th Cir. 2018).

5. Plaintiff's first and second claims are brought under Title VII. (Compl. ¶¶ 29-44). These claims arise under federal law and therefore the court has original jurisdiction under 28 U.S.C. § 1331. *See Newton v. Coca-Cola Bottling Co. Consol.*, 958 F. Supp. 248, 249 (W.D.N.C. 1997) (noting court had original jurisdiction over plaintiff's Title VII claims).

### B. Supplemental Jurisdiction

6. Where a district court has original jurisdiction in a proceeding, it has supplemental jurisdiction "'over all other claims that are so related to claims in the

- 3 -

action within such original jurisdiction that they form part of the same case or controversy.'" *United States ex rel. Bunk v. Gov't Logistics N.V.*, 842 F.3d 261, 272 (4th Cir. 2016) (quoting 28 U.S.C. § 1367(a)). "Supplemental jurisdiction is not limited to restatements of the same basic ground for recovery … Indeed, the related claims need only revolve around a central fact pattern." *Id.* (internal citations and quotation marks omitted).

7. Here, Plaintiff's third and fourth claims revolve around the same fact pattern as Plaintiff's Title VII claims. Plaintiff's retaliation claim brought under Title VII alleges that Defendant violated Title VII by terminating Plaintiff in violation of Plaintiff's protected activity. (Compl. ¶¶ 41-43). Similarly, Plaintiff's intentional infliction of emotional distress and wrongful discharge claims both allege that Defendant's termination of Plaintiff was in violation of North Carolina law. (Compl. ¶¶ 51-56, 65-67). Thus, this Court has supplemental jurisdiction over Plaintiff's third and fourth claims because they arise from the "same case or controversy" as Plaintiff's Title VII claims. 28 U.S.C. § 1367(a). *See Raynor v. G4S Secure Sols. (USA) Inc.*, 283 F. Supp. 3d 458, 466 n. 3 (W.D.N.C. 2017) (exercising supplemental jurisdiction over intentional infliction of emotional distress and wrongful discharge claims where court had original jurisdiction over plaintiff's Title VII claims).

## Venue

8.  Because this action is pending in the General Court of Justice, Superior Court Division, County of Mecklenburg, North Carolina, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

## Timeliness of Removal

9.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed and served within thirty (30) days after Danaher's receipt of a copy of the initial pleading setting forth the claims for relief upon which this action is based.

## Notice of Removal Provided To State Court

10. Prompt written notice of this Notice of Removal is being served upon Plaintiff and the original is being filed with the Clerk of the Court of the General Court of Justice, Superior Court Division, County of Mecklenburg, North Carolina, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

11. Defendants are, pursuant to Local Civil Rule 73.1(b), attaching a copy of the Case Assignment Notice, the Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction, and the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge forms (the "Case

- 5 -

Assignment and Magistrate Forms") as part of their Notice of Removal.  A copy of the Case Assignment and Magistrate Forms is attached as <u>Exhibit C</u>.

## **Conclusion**

Removal is proper because this action falls within this Court's original federal question jurisdiction, and removal is timely being made to the Western District of North Carolina, which embraces the place where this action is pending. Defendants, having met all procedural requisites for removal and having paid the appropriate filing fee, respectfully request that the Court take jurisdiction over this action and conduct all further proceedings.

Respectfully submitted,

DANAHER CORPORATION and
DENTAL IMAGING
TECHNOLOGIES, d/b/a KAVO
KERR

By /s/ *Honore Hishamunda*
    Honore Hishamunda
    North Carolina Bar No. 49673
    hhishmunda@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree St. NE, Suite 2500
    Atlanta, Georgia 30309-3958
    Phone: (404) 885-1500
    Facsimile: (404) 892-7056

    Ethan C. Goemann
    North Carolina Bar No. 50731
    Attorney for Defendant
    SEYFARTH SHAW LLP

121 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 925-6026
Facsimile: (704) 946-6083
E-mail: egoemann@seyfarth.com

Attorneys for Defendants

Date: February 27, 2020

- 7 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:20-cv-123

LISA M. ALKINS-NULTY,

    Plaintiff,

v.

DANAHER CORPORATION, KAVO KERR, DENTAL IMAGING TECHNOLOGIES CORPORATION, and DOES 1 through 10, Inclusive,

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2020, I filed a true and correct copy of DEFENDANT'S NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, and a copy of the same was served by the United States Postal Service on the following counsel of record:

> Bert J. Miano
> Miano Law PC
> 3116 Weddington Road, Suite 900-1049
> Matthews, North Carolina 28105

        /s/ *Honore Hishamunda*
        Honore Hishamunda
        One of counsel for Defendants