UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-123-MOC-DCK

| | |
|---|---|
| LISA M. ALKINS-NULTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DANAHER CORPORATION, ) | |
| KAVO KERR, ) | |
| DENTAL IMAGING TECHNOLOGIES ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Lack of Jurisdiction, filed by Defendant Danaher Corporation, (Doc. No. 4), and on a Motion to Dismiss for Failure to State a Claim, filed by Defendants Danaher Corporation, Kavo Kerr, and Dental Imaging Technologies Corporation, (Doc. No. 5).

**I.     BACKGROUND**

Plaintiff Lisa M. Alkins-Nulty originally filed this action in Mecklenburg County Superior Court, alleging four counts of wrongful conduct by Defendants after Plaintiff's employment was terminated. Dental Imaging is a manufacturer and seller of dental imaging products. Plaintiff was employed as a product manager by Dental Imaging from May 2, 2016 until her termination on April 19, 2018. During Plaintiff's employment with Dental Imaging, Dental Imaging was owned by Danaher. Finally, Defendant Kavo Kerr is a dental equipment manager, operating as a subsidiary of Danaher until 2019.

Plaintiff alleges that during her employment, she identified safety risks with Dental

1

Imaging products and training protocols and shared her concerns with her manager and General Manager Jeff Kappler, who asked her to help correct the training protocols. Further, Plaintiff alleges that, after she was tasked with improving the training protocols, male colleagues were promoted to senior levels while Plaintiff was not similarly promoted.

Plaintiff claims that she was harassed by one of her newly promoted senior level male colleagues, Marshall Martin. Plaintiff also alleges that she reported Martin's purported harassment to human resources, along with her purported concerns that she was discriminated against because on her sex and her concerns about Dental Imaging's products and training. Finally, Plaintiff alleges that she began to receive negative performance reviews as a result of her reports to human resources, and that she was eventually terminated on April 19, 2018. Plaintiff brings the following claims against Defendants: (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e et seq.; (2) retaliation in violation of Title VII; (3) intentional infliction of emotional distress under North Carolina law; and (4) wrongful discharge in violation of public policy under North Carolina law.

Defendants removed the action to this Court on February 27, 2020. On March 5, 2020, Defendant Danaher filed the pending motion to dismiss for lack of personal jurisdiction and, alternatively, for failure to state a claim. On the same date, all three Defendants filed the pending motion to dismiss for failure to state a claim.

## II. DISCUSSION

### A. Defendant Danaher's Motion to Dismiss for Lack of Jurisdiction and, Alternatively, for Failure to State a Claim

Defendant Danaher submits two arguments in support of its own motion to dismiss. First, Danaher seeks to dismiss all claims against Danaher because it claims this Court cannot

2

assert specific or general jurisdiction over the company because (a) Plaintiff cannot rely on Dental Imaging's contacts with North Carolina to assert jurisdiction over Danaher; (b) Danaher has insufficient contacts with North Carolina as it is not incorporated here and does no business here; and (c) Danaher has not availed itself of the privileges of conducting business in North Carolina. Alternatively, Danaher contends that Plaintiff's Title VII claims against Danaher should be dismissed because Danaher was not Plaintiff's employer.

The Court will deny Defendant Danaher's motion to dismiss at this stage in the proceedings, subject to revisiting the issue after the parties conduct jurisdictional discovery. At this early point in the proceedings, Plaintiff's allegations, taken as true, are sufficient to demonstrate that Danaher was either Plaintiff's joint employer, or exerted such control over Dental Imaging as to justify application of the North Carolina long-arm statute to assert jurisdiction over Danaher.

**B. The Motion to Dismiss by all Three Defendants for Failure to State a Claim**

Next, as to the motion to dismiss for failure to state a claim by all three Defendants, Defendants seek dismissal of Plaintiff's state law claims for intentional infliction of emotional distress and wrongful discharge. Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a

3

right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record.

### IV. CONCLUSION

Defendants' motions to dismiss are denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss for Lack of Jurisdiction, filed by Defendant Danaher

4

Case 3:20-cv-00123-MOC-DCK   Document 18   Filed 04/24/20   Page 4 of 5

Corporation, (Doc. No. 4), and the Motion to Dismiss for Failure to State a Claim, filed by Defendants Danaher Corporation, Kavo Kerr, and Dental Imaging Technologies Corporation, (Doc. No. 5), are both **DENIED** at this time.

Signed: April 23, 2020

Max O. Cogburn Jr.
United States District Judge